(No. 4681—)

JOSEPH PELC, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1957.*

DANIEL W. HANDLIN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On June 17, 1955, Joseph Pelc filed a complaint in which he seeks damages for the wrongful removal of three signs installed by him along U.S. Route No. 66. The facts of the case are as follows:

Joseph Pelc was engaged in the business of outdoor advertising, and had installed three signs along the right-of-way of U. S. Route No. 66 near Lincoln, Illinois. The signs did not mention his name, or disclose who owned the signs, as the only word appearing thereon was "Publicity".

About ten years prior to December 29, 1954, the state had acquired additional right-of-way to enlarge U.S. Route No. 66. Since no immediate need was present, the state leased the land to adjoining land owners for agricultural purposes. Joseph Pelc, in turn, leased part of the land from the lessees for the purpose of erecting outdoor signs.

On December 29, 1954, C. M. Wahl, District Engineer for the Division of Highways, sent letters to each of the advertisers, whose names appeared on the signs. He advised them that the state was about to use the right-of-way, and requested them to remove their signs within thirty days.

Joseph Pelc did not receive such a notice, but he was advised by the owner of the Buckles Motel, one of his customers, that the motel received a notice to remove the signs. Claimant went to the highway, and attempted to remove the signs; but, due to the fact that the posts were frozen in the ground, he abandoned the job.

Sometime prior to the middle of March, employees of the state removed the signs. Some of the material was removed to the maintenance sheds of the state, and some was taken to the homes of the highway employees. Mr. Pelc recovered part of the material. His claim in the amount of $475.00 represents that portion, which was destroyed, lost or converted by state employees, and the further sum of $57.50 for loss of revenue.

Respondent argues that the placing of signs on the right-of-way was illegal, and violated Chap. 121, Par. 160, 1955 Ill. Rev. Stats. Respondent also argues that the advertising signs, encroaching on the highway, were a purpresture, and were a nuisance per se, and could be summarily abated. *People* vs. *Wolper,* 350 Ill. 461.

In answer to these points, it is obvious that the State Highway Department was aware of these signs for at least two years, and, being so aware, could hardly suppress them without reasonable notice.

Claimant, however, was notified in ample time to remove these signs. The fact that the posts were frozen in the ground is little excuse to him for not removing the panels from the posts. It appears that the signs were made of masonite panels upon which a reflective material called ''Scotchlite'' was attached. These panels were the expensive part of the sign, as the posts were 4 x 4's, which showed signs of decay.

Claimant argues in his brief that respondent is liable for the acts of its employees in converting to their own use a portion of the signs.

To justify a recovery against the Master, it must appear that the servant was acting within the scope of his employment in the furtherance of his Master's business.

On page 45 of the transcript, Leslie E. Nichols, a Civil Engineer employed by the State of Illinois, was cross-examined by claimant's attorney as follows:

"Q. Mr. Nichols, you were acting within the course of your duty in instructing these people to remove the signs, is that correct?

A. Yes, sir.

Q. In the course of that authority that you had given them to remove the signs, that also included the authority to take and do with them as was done, is that correct? You have heard their testimony?

A. Yes, I have. I instructed them to take the signs down, and if anybody—any of the owners of the signs came by, that they could have them if they wished. And if anybody came by and asked them to stop that they would like to remove their own signs, they also could let them do that. But I told them to take the signs down, and take them to the storage yard, and further than that I gave them no instructions.

Q. You had given them authority to take them down and to remove them?

A. That is right."

This testimony establishes conclusively that any act of conversion was clearly beyond the scope of their employment, for which respondent would not be liable.

The Court, therefore, finds that claimant had actual notice that the state was about to use the right-of-way. The Court further finds that claimant had the opportunity to remove the signs, or at least the panels from the signs, but did not avail himself of such opportunity. The Court, therefore, concludes that claimant's own neglect precludes him from an award.

An award is, therefore, denied.